## THE PERSEVERANCE.[1]

*(District Court, E. D. New York.   June 4, 1885.)*

SALVAGE—FIRE—CARE OF PROPERTY—CHARGES—MARSHAL'S COSTS.
    Where three tugs had been engaged in putting out a fire on a bark at a pier
    in New York harbor, and the value of the property saved was reduced by
    the condition in which vessel and cargo were left after the fire was extin-
    guished to $5,477.57, the sum of $2,100 was awarded as salvage to the tugs,—
    $1,000 to the tug first at the fire, and $800 and $300 to the other two, respect-
    ively, with costs to each.   Marshal's costs were not first deducted, but the
    sum paid by the ship agent in caring for and delivering the cargo was first
    deducted.

In Admiralty.

On the nineteenth of July, 1883, a fire broke out on a pier at Har-
beck's stores, Brooklyn, at which the bark Perseverance was lying
loaded with a cargo of jute.   The fire spread rapidly from the pier to
several vessels lying near, among them the Perseverance, and one of
them, the Lawrence Delap, was totally destroyed.   The tugs Jack
Jewett, Charm, and R. W. Burke came to the assistance of the Perse-
verance, and towed her out in the river, and allowed her to drift to-
wards Governor's island, in the neighborhood of which she grounded,
the tugs continuing to pump streams of water on her.   She was fin-
ally filled with water and the flames extinguished.   The value of the
vessel and cargo saved was some $40,000, but this was greatly re-
duced by expenses for storage and watching.   The three tugs brought
an action against the property saved for salvage compensation, and
offered testimony showing the relative value of their services.   The
Jack Jewett was the first of the three to arrive at the fire.

*Benedict, Taft & Benedict,* for the tugs.
*Sidney Chubb,* for claimants.

BENEDICT, J.   This is an action to recover salvage compensation for
services rendered by the tug Jack Jewett, the tug Charm, and the tug
R. W. Burke, in saving the bark Perseverance and her cargo from
destruction by fire at her berth in the dock.   There is no question but
that the services rendered by the tugs saved the bark from the total
destruction which actually befell one ship lying at the same pier.
The value of the property saved was, however, greatly reduced by
the condition in which both vessel and cargo were left when the fire
had been extinguished.   The money realized from the sale of the
property was further reduced by the method of sale adopted; in which
all the parties acquiesced, including the salvors.   These circum-
stances reduce the compensation receivable by the salvors.   The
value of the property actually saved is always an element of the cal-
culation in a case of salvage.   In this case I consider the value of

[1] Reported by R. D. & Wyllys Benedict, Esq., of the New York bar.

the property saved to be $5,477.57. I do not deduct the marshal's costs from the proceeds of sale. I do deduct $7,115.92 paid by the ship agent in caring for and delivering the cargo, and this, upon the ground that the circumstances created a charge to that amount upon the cargo in the hands of the salvors. To that extent, therefore, the property saved was reduced in value. The services rendered by the three tugs mentioned in effecting this salvage, if compensated at the rate of ordinary towage, would make the compensation rather more than $1,800. Owing to the small amount of proceeds, they can recover but little more than this, meritorious as were their services.

Looking at all the circumstances, I fix the salvage amount for the three tugs mentioned—the Jack Jewett, the Charm, and the R. W. Burke—at $2,100. This sum I apportion among these tugs as follows: To the Jack Jewett, which was first at the fire, for her owners and crew, the sum of $1,000; to the Charm, for her owners and crew, the sum of $800; to the R. W. Burke, for her owners and crew, the sum of $300; and I further direct that the costs of the salvors be first paid out of the funds in the registry. If any further apportionment be required, it will be made on the application of the parties interested.